# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **VANESSA E. DIXON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:18-cv-13-MHT-DAB |
| ) | |
| **NATIONAL SECURITY OF** ) | |
| **ALABAMA, INC., d/b/a** ) | |
| **DTA SECURITY SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Vanessa Dixon, sues her former employer, Defendant DTA Security Services, for racial discrimination. This matter is before the court on the Defendant's Motion to Dismiss or in the Alternative for More Definite Statement (Doc. 17) to which the Plaintiff filed a memorandum in opposition (Doc. 21).[1] Because Defendant has now answered Plaintiff's amended complaint, it is the **recommendation** of the undersigned Magistrate Judge that the Motion to Dismiss or in the Alternative for More Definite Statement (Doc. 17) be **denied as moot**.

Plaintiff filed an EEOC Complaint against Defendant in January 2018. (Doc. 1). On February 28, 2018, she filed a two-count amended complaint against

---

[1] The court set the motion for hearing on August 8, 2018. (Doc. 26). Counsel for Defendant failed to appear for the hearing, and the court issued an order to show cause to which defense counsel filed a response. (Docs. 29, 31).

Defendant for claims of race discrimination in violation of Title VII and Section 1981. (Doc. 8). Both the initial and amended complaint were filed *pro se*. On April 6, 2018, Defendant filed a motion to dismiss seeking to dismiss, in part, certain claims and damages sought by the amended complaint. (Doc. 17). Through counsel, Plaintiff filed a response in opposition arguing her amended complaint states a claim for relief and that her Section 1981 claim is not time-barred. (Doc. 21). Defendant filed a reply conceding that in the event Plaintiff's Section 1981 claim arises under the Civil Rights Act of 1991, then the claim would have a four-year statute of limitations and would not be time-barred. (Doc. 25).

Prior to the court ruling on Defendant's motion to dismiss, Defendant answered Plaintiff's amended complaint. (Doc. 30). When a motion to dismiss is pending, a defendant is not required to file an answer until the court disposes of the motion. *See Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006). Courts in this circuit have held that a motion to dismiss is rendered moot when a defendant files an answer prior to the court ruling on the motion. *See Veltre v. Sliders Seaside Grill, Inc.*, No. 3:15-CV-1102-J-32JBT, 2016 WL 524658, at *1 (M.D. Fla. Feb. 10, 2016) ("Where, as here, an Answer was filed prior to the resolution of the motion to dismiss, the motion becomes moot."); *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) ("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss.");

*Thornton v. City of St. Petersburg, Fla.*, No. 8:11-CV-2765-T-30TGW, 2012 WL 2087434, at *2 (M.D. Fla. June 8, 2012) ("If a Defendant files an Answer contemporaneously with a motion to dismiss, that motion is rendered moot."); *Keh v. Americus-Sumter Cty. Hosp. Auth.*, No. 1:03-CV-68-2(WLS), 2006 WL 871109, at *2 (M.D. Ga. Mar. 31, 2006), *aff'd sub nom. Keh v. Americus & Sumter Cty. Hosp.*, 377 F. App'x 861 (11th Cir. 2010) ("it is technically impossible to challenge the sufficiency of an allegation in a complaint, as one does in a motion to dismiss, while simultaneously admitting or denying the same allegation, as one does in an answer").

Defendant's motion seeks partial dismissal of the amended complaint, or in the alternative, a more definite statement. A motion for more definite statement under Fed. R. Civ. P. 12(e) may be granted only when a plaintiff's complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Clearly, here, the amended complaint was not so vague because Defendant was able to answer it.

For the reasons set forth above, it is the **recommendation** of the Magistrate Judge that Defendant's Motion to Dismiss or in the Alternative for More Definite Statement (Doc. 17) be **denied as moot**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is

hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **September 5, 2018**.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 22nd day of August 2018.

*/s/ David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE